IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

_____

BENNETT MOORE,                      )
                                    )
     Plaintiff,                     )
                                    )
v.                                  )  No. 2:19-cv-2717-MSN-dkv
                                    )
THE UNIVERSITY OF MEMPHIS,          )
                                    )
     Defendant.                     )
_____

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

_____

On October 22, 2019, the plaintiff, Bennett Moore ("Moore"), filed a *pro se* complaint against the defendant, The University of Memphis (the "University"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (the "ADEA").  (Compl. ¶ 1, ECF No. 1.)  In addition, Moore filed a motion seeking leave to proceed *in forma pauperis*, (ECF No. 2), which the court granted on October 25, 2019, (Order, ECF No. 6).  This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

For the reasons set forth below, it is recommended that Moore's claims be dismissed *sua sponte* for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

## I.    PROPOSED FINDINGS OF FACT

Moore filed his complaint on a court-supplied form alleging employment discrimination in violation of Title VII and the ADEA. (Compl. ¶ 1, ECF No. 1.)  Moore alleges that he was discriminated against on the bases of his race (African American), sex (male), and age (sixty-five).[1]  (*Id.* at ¶ 9.)  As discriminatory conduct, Moore lists the following actions:  failure to hire, termination of his employment, failure to promote, and retaliation.  (*Id.* at ¶ 6.)

According to Moore, he began his employment with the University in 2017, working in the TigerLIFE program.  (Compl. ¶ 10, ECF No. 1.)  Moore alleges that at first, his employment in the program was "great" until he started noticing alleged abuse of students.  (*Id.*)  Moore details the story of a student, with no

---

[1] In Moore's EEOC charge of discrimination, Moore did not allege sex discrimination.  (ECF No. 1-1.)  The Supreme Court's decision in *Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843, 1850-51 (2019), makes clear that Title VII's charge-filing requirement is not jurisdictional.  Rather, the requirement in Title VII is procedural – a mandatory "processing rule".  *Id.*  As such, the charge-filing requirement must be enforced by the court if a party "properly raise[s]" it.  *Id.* at 1849 (quoting *Eberhart v. United States*, 546 U.S. 12, 19 (2005).  Therefore, at this stage of Moore's suit, the court will address Moore's sex discrimination claim despite the fact that such claim is not present in his original EEOC charge of discrimination.

money for lunch, who was caught stealing food out of the cafeteria. (*Id.*) According to Moore, the other employees would take the food from the student and throw it away in front of others. (*Id.*) Moore also states that employees took food from a different student who had brought food from home and threw it away because the student did not finish his meal in time. (*Id.*)

Moore alleges that he would object to this treatment, but that "they" did not like his objections. (*Id.*) Moore states that he was never "written up or accuse[d] of any wrongdoing." (*Id.*) Moore alleges that he wrote letters to the director, beginning in the summer of 2017, but that the director never responded. (*Id.*) According to Moore, he also tried to talk to the director in person. (*Id.*) Moore states that he was passed over for jobs that were open, even though he was more qualified. (*Id.*) Moore alleges that the University retaliated against him and that he was eventually terminated on or around May 10, 2019 for his stance on the mistreatment of the students. (*Id.* at ¶¶ 7, 10.)

Moore filed an EEOC charge of discrimination against the University on July 12, 2019. (ECF No. 1-1.) The EEOC then issued a Right to Sue Letter on July 23, 2019, (ECF No. 1-1), which Moore received on July 29, 2019, (Compl. ¶ 14, ECF No. 1). The EEOC's letter notified Moore that the EEOC was unable to conclude that the information obtained established violations of Title VII and the ADEA. (ECF No. 1-1.) For relief, Moore seeks an unspecified

amount of damages and back pay, as well as injunctive or other equitable relief for his mental anguish.  (Compl. ¶ 16, ECF No. 1.)

## II.   PROPOSED CONCLUSIONS OF LAW

A.    28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2).  The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.  This report and recommendation will constitute the court's screening.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

> (i)     is frivolous or malicious;
>
> (ii)    fails to state a claim on which relief may be granted; or
>
> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28. U.S.C. § 1915(e)(2).

B.    Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v.*

4

*Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that Title VII and ADEA plaintiffs are not required to plead the elements of a *prima facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). All that is required is that the complaint satisfies Rule 8(a)'s simplified pleading standard. *Swierkiewicz*, 534 U.S. at 513. Federal Rule of Civil Procedure 8(a) provides in relevant part

that a pleading must contain a "short and plain statement of the

claim showing that the pleader is entitled to relief."  Fed. R.

Civ. P. 8(a)(2).  "But where the well-pleaded facts do not permit

the court to infer more than a mere possibility of misconduct, the

complaint has alleged – but it has not 'show[n]' – 'that the

pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting

Fed. R. Civ. P. 8(a)(2)).

"*Pro se* complaints are to be held to less stringent standards

than formal pleadings drafted by lawyers and should therefore be

liberally construed."  *Williams*, 631 F.3d at 383 (internal

quotation marks omitted).  *Pro se* litigants, however, are not

exempt from the requirements of the Federal Rules of Civil

Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see

also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A]

court cannot create a claim which [a plaintiff] has not spelled

out in his pleading")(internal quotation marks omitted); *Payne v.

Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming

*sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P.

8(a)(2) and stating, "[n]either this court nor the district court

is required to create Payne's claim for her"); *cf. Pliler v. Ford*,

542 U.S. 225, 231 (2004)("District judges have no obligation to

act as counsel or paralegal to *pro se* litigants."); *Young Bok Song

v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to

affirmatively require courts to ferret out the strongest cause of

action on behalf of *pro se* litigants.  Not only would that duty be
overly burdensome, it would transform the courts from neutral
arbiters of disputes into advocates for a particular party.  While
courts are properly charged with protecting the rights of all who
come before it, that responsibility does not encompass advising
litigants as to what legal theories they should pursue.").

C.    Moore's Race Discrimination Claim

Moore alleges that the University discriminated against him
on the basis of his race.  (Compl. ¶ 9, ECF No. 1.)   Title VII
prohibits employers from discriminating "against any individual
with respect to his compensation, terms, conditions, or privileges
of employment, because of such individual's race . . . ." 42 U.S.C.
§ 2000e-2(a).   The essential elements of a Title VII race-
discrimination claim are: (1) the plaintiff is a member of a
protected group; (2) he was subjected to an adverse employment
action; (3) he was qualified for the position; and (4) either
similarly situated, non-protected employees were treated more
favorably or he was replaced by someone outside of his protected
class.  *Younis v. Pinncale Airlines, Inc.*, 610 F.3d 359, 393 (6th
Cir. 2010).

Moore is African American, and therefore, a member of a
protected class.  Moore also alleges that he was terminated, which
is an adverse employment action.  *Freeman v. Potter*, 200 F. App'x
439, 442 (6th Cir. 2006)(quoting *Burlington Indus., Inc. v.*

*Ellerth*, 524 U.S. 742, 761 (1998))(adverse employment actions are decisions that "constitue[] a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits").  Moore's complaint, however, is completely devoid of any allegations that any similarly situated, white employee was treated more favorably than him. Additionally, Moore fails to allege any facts which suggest that he was replaced by someone outside of his protected class.  As such, Moore fails to plead facts sufficient for the court to infer the essential elements of a race discrimination claim, and therefore fails to state a claim upon which relief can be granted.

D.   Moore's Sex Discrimination Claim

Moore also checked the box labeled "sex" as a basis of the alleged discrimination.  (Compl. ¶ 9, ECF No. 1.)  Title VII makes it unlawful for an employer "to fail or refuse to hire or discharge any individual, or otherwise to discrimination against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a).  A reverse discrimination claim carries a different and more difficult *prima facie* burden than an ordinary sex discrimination claim.  *Briggs v. Potter*, 463 F.3d 507, 517 (6th Cir. 2006).   To establish a claim of reverse sex discrimination, a plaintiff is required to show that the

"background circumstances support the suspicion that the defendant is that unusual employer who discriminates against the majority . . . and upon a showing that the employer treated differently employees who were similarly situated but not members of the protected group."  *Id.* (citing *Yeager v. Gen. Motors Corp.*, 265 F.3d 389, 397 (6th Cir. 2001)).

Moore is a male, and thus, brings a reverse sex discrimination claim.  Moore, however, fails to include any factual allegations regarding the University treating male employees differently than female employees.  In fact, his allegations make no mention of his sex, or the sex of any other similarly situated employee. Specifically, Moore has not alleged that female employees were treated more favorably under similar circumstances.  Because Moore has failed to plead facts sufficient for the court to infer the essential elements of a sex discrimination claim, it is recommended that Moore's claim be dismissed for failure to state a claim upon which relief can be granted.

E.    Moore's ADEA Claim

Moore also alleges that he was discriminated against on the basis of his age in violation of the ADEA.  (Compl. ¶ 9, ECF No. 1.)  The essential elements of an age discrimination claim under the ADEA are that the plaintiff (1) was at least forty years old at the time of the alleged discrimination, (2) was subjected to an adverse employment action, (3) was otherwise qualified for the

position, and (4) was replaced by a younger worker.  *McKnight v. Gates*, 282 F. App'x 394, 400 (6th Cir. 2008).  Moore is sixty-five years old and, thus, satisfies the age requirement under the ADEA. (ECF No. 1-1.)  However, Moore has not included any factual allegations that he was subjected to an adverse employment action because of his age or that he was replaced by a younger worker. Because Moore has failed to plead sufficient facts for the court to infer the essential elements of an age discrimination claim, it is recommended that Moore's claim under the ADEA be dismissed for failure to state a claim upon which relief may be granted.

F.    Moore's Retaliation Claim

Lastly, Moore alleges that the University retaliated against him.  (Compl. ¶ 9, ECF No. 1.)  It is unclear, however, whether the retaliation claim is brought pursuant to Title VII or the ADEA. Regardless, Moore fails to allege sufficient facts to infer the essential elements of a retaliation claim.

To establish a claim of retaliation, a plaintiff must show: (1) he engaged in protected activity; (2) the employer was aware of this protected activity; (3) the employer subsequently took an adverse employment action against him; and (4) there was a causal connection between the protected activity and the adverse employment action.  *Mickey v. Zeidler Tool & Die Co.*, 516, 523 (6th Cir. 2008); *see also Fox v. Eagle Distrib. Co.*, 510 F.3d 587, 591 (6th Cir. 2007)("Title VII's anti-retaliation provision is

similar in relevant respects to the ADEA's anti-retaliation provision, and [] it is therefore appropriate to look to cases construing Title VII as a source of authority for interpreting the ADEA's anti-retaliation clause."). Protected activity for purposes of a retaliation claim includes "oppo[sing] any practice made an unlawful employment practice" and making a charge, testifying, assisting, or participating in an "investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a); *see also Speck v. City of Memphis*, 594 F. Supp. 2d 905, 923 (W.D. Tenn. 2009)(relying on *Fox v. Eagle Distribution Co.* to explain that protected activity under the ADEA is the same as protected activity under Title VII).

Moore's complaining to the director regarding employees' treatment of students is not a protected activity under Title VII or the ADEA – it is not opposing an unlawful employment practice or participating in a hearing, investigation, or proceeding under Title VII or the ADEA. Additionally, Moore does not allege any adverse employment action, other than his termination. In fact, Moore states that he was never disciplined or "written-up." Additionally, while Moore filed a charge with the EEOC on July 12, 2019 – a protected activity – this occurred after his termination, not before. As such, it is impossible for the court to infer any causal connection between the protected activity and the adverse employment action. Because the court cannot infer the essential

11

elements of a retaliation claim – whether under Title VII or the ADEA – it is recommended that Moore's retaliation claim be dismissed for failure to state a claim upon which relief can be granted.

## III. RECOMMENDATION

For the forgoing reasons, this court recommends that Moore's claims for race, sex, and age discrimination, as well as his claim for retaliation, be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted this 22nd day of November, 2019.


s/Diane K. Vescovo                         _
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.