# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DISTRICT

BENNETT MOORE,

    Plaintiff,

v.                                                                                 No. 2:19-cv-02717-MSN-dkv

UNIVERSITY OF MEMPHIS,

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION
## FOR *SUA SPONTE* DISMISSAL

Before the Court is the Magistrate Judge's Report and Recommendation for *Sua Sponte* Dismissal submitted November 22, 2019 ("Report"). (ECF No. 7.) The Report recommends that Plaintiff's *pro se* Complaint alleging violations of Title VII of the Civil Rights Act of 1964 (EFC No. 1) ("Complaint") be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 7 at PageID 21.) On December 12, 2019, Plaintiff filed an objection to the Report. (ECF No. 8.) For the reasons set forth below, the Court **ADOPTS** the Report, and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

## LEGAL STANDARD

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 Fed. Appx. 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been

properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a Magistrate Judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the Magistrate Judge's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

"Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report. A general objection is considered the equivalent of failing to object entirely." *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (citing *Howard*, 932 F.2d at. 509). "[T]he district court need not provide *de novo* review where the objections are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n. 8 (5th Cir. 1982)).

## **DISCUSSION**

As an initial matter, Plaintiff filed his objection to the Report three days after the deadline to object had past. *See* 28 U.S.C. § 636(b)(1)(C). Notwithstanding the untimely filing of Plaintiff's

objection, and considering Plaintiff's *pro se* status, the Court elects to address the substance of Plaintiff's objections to the Report. *See Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994) (permitting a district court judge to decline review of late-filed objections only if the filing is "egregiously late" and causes "prejudice" to the parties).

Overall, Plaintiff's objection document makes no specific objections to the Magistrate Judges's findings of fact and law and thus must be construed as a general objection to the Report. As stated above, general objections are not sufficient and result in waiver of further review. Moore's objection document does not explain how the Report's analysis is wrong, why it was wrong, or how *de novo* review would result in a different conclusion. Instead, Moore alleges additional facts in his objection document in an attempt to remedy the pleading deficiencies pointed out in the Report. (ECF No. 8 at PageID 33–34.) Plaintiff's objection thus is not sufficiently specific to require *de novo* review.

Because the gist of Plaintiff's objection document attempts to amend his original Complaint, the Court also considers Plaintiff's objection as a motion to amend under Rule 15 of the Federal Rules of Civil Procedure. The Court finds Plaintiff's motion to amend is not well-taken because Plaintiff's deadline to amend as a matter of course has expired, Fed. R. Civ. P. 15(a)(1), and Plaintiff has not obtained either consent from Defendant nor leave from the Court to file an amended pleading. Fed. R. Civ. P. 15(a)(2). Additionally, a plaintiff proceeding *in forma pauperis* may not amend his pleadings to escape *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2*). Zindler v. Rogers*, 477 F. App'x 381, 382 (6th Cir. 2012) (citing *Benson v. O'Brian*,179 F.3d 1014, 1016 (6th Cir. 1999). Plaintiff's motion to amend must therefore be **DENIED**.

Because Plaintiff has no substantive objection to the Report, the Court finds the Magistrate Judge's recommendations should be accepted. In addition, the Court has reviewed the Report for clear error and finds none.

Accordingly, the Court **ADOPTS** the Report (ECF No. 7) and **DISMISSES** this action **WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED** this 10th day of December, 2019.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE